UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TAVARES J. BROWNING,

                Petitioner,

    v.                                  CAUSE NO. 3:19-CV-139-DRL-MGG

WARDEN,

                Respondent.

OPINION & ORDER

Tavares J. Browning, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing in case ISP 18-11-140, where a Disciplinary Hearing Officer (DHO) found him guilty of possessing or using an electronic device to obtain a social media account in violation of Indiana Department of Correction (IDOC) policy B-207. ECF 2 at 1-3. He was sanctioned with the loss of 90 days earned credit time. *Id*. at 1. The Warden has filed the administrative record. ECF 10. Mr. Browning did not file a traverse and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2. Thus, this case is now fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S.

539, 563-67 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

On November 15, 2018, I&I Analyst Brittney White wrote a conduct report charging Mr. Browning with violating offense B-207, Possession of Electronic Device, which prohibits:

> Unauthorized alteration, use or possession of any electronic device, including, but not limited to: computer, computer software, pager, PDA, computer disk, CD/DVD, recording tape (audio or video) or associated hardware. (This offense includes accessing computers, software, the

> Internet, social media, a facility LAN, etc. or using such in a manner not authorized by the Department of Correction and the alteration of authorized electrical devices, such as televisions, fans, etc, for unauthorized purposes, e.g., charging cellular telephones/electronic devices, etc.).

*See* Indiana Department of Correction, Adult Disciplinary Process: Appendix I.

https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf.

The conduct report states:

> On November 15, 2018 at approximately 11:20 a.m., I, Brittney White, I&I Analyst was reviewing Social Media and came across Offender Tavares Browning's (DOC 932308), CE 224) Facebook page. I was able to identify this as Offender Browning's Facebook page due to his DOC number and cell located, as well as the Indiana State Prison address being listed in his 'Biography section' of this Facebook page.

ECF 10-1 at 1 (errors in original). The conduct report also referenced "Photos of Facebook page" as the physical evidence in this case. ECF 10-1 at 1; 10-2 at 1-4.

On November 19, 2018, Mr. Browning was notified of the charge when he was served with the conduct report and screening report. ECF 10-1 at 1; 10-2 at 1-4; 10-3 at 1. He pleaded not guilty to the charge and requested the assistance of a lay advocate. ECF 10-3 at 1; 10-4 at 1. Mr. Browning did not request any physical evidence or witnesses. ECF 10-3 at 1.

The next day, on November 20, 2018, the hearing officer held Mr. Browning's hearing. ECF 10-5 at 1. Mr. Browning pleaded not guilty and stated: "My mom put me on her page. Didn't know I could get in trouble." *Id*. After considering the evidence, including the conduct report, the offender's statement, and the photos found on the Facebook page, the hearing officer found Mr. Browning guilty of violating offense B-207. *Id*. In reaching this conclusion, the hearing officer specifically noted there was no

evidence to support Mr. Browning's statement. *Id*. Mr. Browning was sanctioned with the loss of 90 days earned credit time. *Id*.

In his petition, Mr. Browning asserts he is entitled to habeas corpus relief because there was insufficient evidence for the hearing officer to find him guilty. ECF 2 at 2-3. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. I&I Analyst White wrote a conduct report documenting that, on November 15, 2018, at about 11:20 a.m., when she was reviewing social media accounts, she came across Mr. Browning's Facebook page. ECF 10-1 at 1. She was able to identify the Facebook page as Mr. Browning's page because his IDOC number and cell location, as well as the Indiana State Prison's address were listed in the biography section of the page. *Id*. Photos of Mr. Browning found on the Facebook page showed that the page belonged to him. ECF 10-2 at 1-4. Given I&I Analyst White's conduct report along with the multiple photos of Mr. Browning found on the Facebook page, there was more than "some evidence" for the hearing officer to find him guilty of violating offense B-207.

Nevertheless, Mr. Browning argues there was insufficient evidence to find him guilty. ECF 2 at 2-3. He first asserts that his alleged misconduct does not satisfy the criteria for offense B-207, because there is no evidence to show that he possessed or used an electronic device. *Id*. at 2. However, contrary to his contention, possession of an electronic device is not a prerequisite for a finding of guilt under offense B-207. It is sufficient if the inmate accessed social media in a manner not authorized by the IDOC. *See* Appendix I, *supra*. ("This offense includes accessing computers, software, the Internet, social media, a

facility LAN, etc. or using such in a manner not authorized by the Department of Correction . . . .") That is exactly what happened here. The photos on Mr. Browning's Facebook page show they were taken of him with an electronic device. ECF 10-2 at 1-4. At least one photo of Mr. Browning appears to have been taken in the recreational area at the prison. *Id*. at 1. Furthermore, as stated, the photos were found on Mr. Browning's Facebook account.

Mr. Browning also contends he is not guilty of violating offense B-207, because his mother set up the Facebook account on her own phone and posted his personal information, along with his photos, on her account. ECF 2 at 2. He states his mother set up the account to attempt to find him "some form of help and or assistance from the free world," and he had nothing to do with the "actual posting or setting up of any social media site or account." *Id*. at 2-3. Mr. Browning is improperly inviting the court to reweigh the evidence in this case by crediting his version of the events. However, the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. The hearing officer considered the evidence and logically concluded that Mr. Browning had access to an unauthorized device, he took photos of himself using the unauthorized device, and he posted the photos on his Facebook account. Because the hearing officer appropriately considered the evidence in this case, there was no violation of Mr. Browning's due process rights. *See Hill*, 472 U.S. at 457 (due process "does not require evidence that logically precludes any conclusion but the one

reached by the disciplinary board"). Accordingly, because the hearing officer's finding of guilt was neither arbitrary nor unreasonable, Mr. Browning has failed to identify a basis for granting habeas corpus relief.

If Mr. Browning wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F. 3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court DENIES Tavares J. Browning's petition for writ of habeas corpus (ECF 2) and DIRECTS the clerk to close this case.

SO ORDERED.

August 31, 2020                          *s/ Damon R. Leichty*
                                         Judge, United States District Court